UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAMON SCOTT,<br><br>        Petitioner,<br>v.<br><br>COMMISSIONER OF CORRECTION,<br><br>        Respondent. | 3:07-CV-1420 (CSH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

HAIGHT, Senior District Judge:

Damon Scott, a Connecticut inmate proceeding *pro se*, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the action on the ground that it is barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d). For the reasons that follow, the respondent's motion is granted in part and denied in part.

**Procedural Background**

On March 17, 2000, Scott was sentenced to thirty-five years imprisonment after pleading guilty in state court to a charge of manslaughter in the first degree with a firearm. Scott did not file a direct appeal, but on November 28, 2003, he initiated habeas proceedings in state court, alleging ineffective assistance of counsel and seeking to withdraw his guilty plea. Specifically, Scott alleged that trial counsel failed to interview witnesses who had information supportive of a potential self-defense claim and who would have been wiling to testify on Scott's behalf had he gone to trial; trial counsel falsely told Scott that he had conducted such an investigation and that no witnesses supported his self-defense claim; trial counsel misled Scott regarding what sentence he would receive if he pled guilty; and trial counsel failed to ensure that Scott's plea was

intelligently made.[1] After a hearing on the merits of Scott's claim, the state habeas court denied relief. On March 27, 2007, the Connecticut Appellate Court dismissed Scott's appeal and, on May 8, 2007, the Connecticut Supreme Court denied certification to appeal. Scott filed the present petition in this Court on October 15, 2007.

**Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period for filing a federal habeas corpus petition by a person in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a properly filed application for state collateral review. *See* 28 U.S.C. § 2244(d)(2).

The sole argument advanced in support of respondent's motion to dismiss is that Scott's federal habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Sentenced on March 17, 2000, Scott's conviction became final at the expiration of the twenty-day period he had to file a

---

[1] These are the allegations Scott leveled against trial counsel at his state habeas hearing.

direct appeal under Connecticut Practice Book § 63-1. *See* 28 U.S.C. § 2244(d)(1)(A). Scott's conviction thus became final on April 6, 2000. Under 28 U.S.C. § 2244(d)(1)(A), he had one year from that date to file his petition for federal habeas relief. Scott did not, however, file his federal habeas petition until October 15, 2007, seven years and 192 days after his conviction became final. Even tolling the time during the pendency of his state habeas petition pursuant to 28 U.S.C. § 2244(d)(2), Scott still filed his federal habeas petition three years and 357 days after his conviction became final, far in excess of the one-year period of limitation.[2]

In his reply to respondent's motion to dismiss, Scott argues that his petition should be considered timely by application of statutory or equitable tolling. Specifically, Scott argues that his late filing was "plagued by" (a) state or federal government created impediments, (b) new facts that were not discoverable, and (c) lack of assistance of counsel in preparing his habeas petition. Scott also notes that he was only seventeen-years of age and had only a ninth-grade education at the time of his sentencing, and that he did not learn legal procedure at school. Finally, he claims that trial counsel had told him he had no appeal or habeas claims available to him. Only one of Scott's arguments has substance.

In arguing that government-created impediments contributed to the lateness of his federal habeas petition, Scott asserts only that his prison's law library lacked materials dealing with federal law and that no assistance was available to him in filing his state habeas petition other than provision of the proper forms. To the extent that this argument is for statutory tolling under

---

[2]Because Scott did not pursue certiorari in the Supreme Court of United States, the one-year limitation period was tolled only from the date he filed for state habeas relief, November 29, 2003, until the date the Connecticut Supreme Court denied his petition for certification, May 8, 2007. *See Smaldone v. Senkowski*, 273 F.3d 133 (2d Cir. 2001).

28 U.S.C. § 2244(d)(1)(B), the argument fails. Under section 2244(d)(1)(B), the impediment to a person filing a federal habeas petition must have been created by state action in violation of the Constitution or laws of the United States AND must have prevented the filing. Scott fails to satisfy either of these elements. First, his prison's lack of federal materials in its law library and of assistance to prisoners filing state habeas petitions do not constitute state-imposed impediments under 28 U.S.C. § 2244(d)(1)(B). *Cf. Jones v. United States*, 2004 U.S. Dist. LEXIS 16259, *4 (W.D.N.Y. August 11, 2004) ("[P]etitioner's general allegations that he was denied access to law books at two different prisons is insufficient to establish that there existed a governmentally-imposed barrier that prevented him from filing his § 2255 petition."). Second, Scott does not allege that the situation at his prison changed prior to his filing the instant petition. Thus, it cannot be said that Scott was "prevented from filing" by any state action.

Scott's complaints about lack of legal materials and assistance in filing his state habeas petition more properly may be considered a request for equitable tolling, as may his statements about his relative youth and lack of education at the time of his sentencing, lack of assistance of counsel in preparing his habeas petition, and his allegation that trial counsel told him he had no appeal or habeas claims. In claiming entitlement to equitable tolling, however, Scott bears a heavy burden.

Equitable tolling of AEDPA's limitation period applies "only in rare and exceptional circumstances," *Rios v. Mazzuca*, 78 Fed. Appx. 742, 743 (2d Cir. 2003), and the petitioner bears the burden of establishing that he is entitled to it. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007); *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005). To qualify, the petitioner must establish two elements: (1) that he pursued his rights diligently and (2) that some extraordinary

circumstance stood in his way and prevented timely filing. *See Lawrence*, 127 S. Ct. at 1085; *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). In determining whether a petitioner diligently pursued his rights, the standard is that of reasonable diligence. *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003). A district court should therefore ask, "[D]id the petitioner act as diligently as reasonably could have been expected *under the circumstances*?" *Id*. (emphasis in original). The petitioner must establish "that he acted with reasonable diligence throughout the period he seeks to toll." *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007). Furthermore, whether a circumstance qualifies as "extraordinary" for purposes of equitable tolling is determined by inquiry into "how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz*, 515 F.3d at 154. The two inquiries are interrelated in that a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing," which cannot be shown "if the petitioner, acting with reasonable diligence, could have filed on time." *Saunders v. Edwards*, 171 Fed. Appx. 872 (2d Cir. 2006)(quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

Scott's arguments regarding his youth, lack of legal education, and lack of assistance of counsel or other assistance in preparing his habeas petition are insufficient to warrant equitable tolling. *See, e.g.*, *Aya v. Miller*, 2004 U.S. Dist. LEXIS 19019, at *6 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); *Minnifield v. Gomez*, 2004 U.S. Dist. LEXIS 5513, at *8 (D. Conn. Mar. 29, 2004) ("The mere fact that a person is sixteen or seventeen years of age is not an extraordinary impediment to filing a timely petition in federal court."); *Martinez v.*

*Kuhlmann*, 1999 U.S. Dist. LEXIS 21318, *18-19 (S.D.N.Y. Dec. 3, 1999) ("[D]ifficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners."). Scott's claim that he had only a ninth-grade education at the time of his sentencing is also insufficient to warrant equitable tolling. *See Adkins v. Warden*, 2008 U.S. Dist. LEXIS 92832 (D. Conn. Nov. 14, 2008) (petitioner who needed special education services before dropping out of high school in the ninth-grade and who faced other obstacles to filing his federal habeas petition did not qualify for equitable tolling).

Although this Circuit has not yet determined whether lack of access to legal materials can constitute an "extraordinary circumstance" for purposes of equitably tolling, *see Doe v. Menefee*, 391 F.3d 147, 178 (2d Cir. 2004), Scott's claim for equitable tolling on that basis fails as he does not allege efforts that satisfy the diligence requirement. That is, Scott does not allege that during the period he would have this Court toll he made reasonable attempts (or any attempt) to acquire federal legal materials. *Cf. Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he diligence requirement of equitable tolling imposes on the prisoner [with a language deficiency] a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency."); *Taylor v. Lantz*, 2008 U.S. Dist. LEXIS 87907, 4-5 (D. Conn. Oct. 28, 2008) (petitioner unaware of the procedures for filing state or federal habeas petitions did not qualify for equitable tolling in part because he failed to demonstrate that he acted diligently during the period he sought to toll). It also bears noting that the Ninth Circuit Court of Appeals has held that a habeas petitioner's lack of access to legal materials does not constitute an extraordinary circumstance, *see Martinez v. Ryan*, 133 Fed. Appx. 382, 383 (9th Cir. 2005), as have courts in this Circuit. *See United States*

*v. Delgado*, 2003 U.S. Dist. LEXIS 8690 (S.D.N.Y. May 22, 2003) ("A lack of access to legal resources is not . . . considered an extraordinary circumstance.").

Scott's allegation that, before his sentencing, trial counsel advised him that he had no appeal or habeas claims available to him is more troubling. It does not, however, provide the basis for the equitable tolling of almost three years, which the petitioner would need for his petition to be timely. Even if the Court were to find that counsel's alleged actions constituted an "extraordinary circumstance," petitioner would also have to show that he pursued his claims with reasonable diligence during the period of time he would have the Court toll and that there is a causal connection between his late filing and trial counsel's advice. Petitioner's lengthy delay in filing his state habeas petition and later delay in filing his federal habeas petition do not demonstrate that he acted with due diligence. *See Plasencia v. Barkley*, 2008 U.S. Dist. LEXIS 77679, *16-17 (E.D.N.Y. Sept. 8, 2008). This is especially so given that at least one of the facts Scott alleged during his state habeas hearing in support of his claim of ineffective assistance of counsel was known to him at the time of his sentencing and presented good reason to think that he might have a claim. Specifically, Scott knew at sentencing that his attorney had told him he would be sentenced to twenty-years imprisonment, but that he was ultimately sentenced to thirty-five years with the right to argue for less. Even accepting that Scott's attorney told him before sentencing that he had no habeas claim, the Court cannot say that Scott acted with due diligence in pursuing his rights on a theory of ineffective assistance of counsel when he learned at sentencing that his attorney had allegedly lied to him about what sentence he would receive.

One basis remains for which Scott claims eligibility for tolling of AEDPA's limitation period: that his filing was "plagued by . . . new facts that were not discoverable." Under

28 U.S.C. § 2244(d)(1)(D), AEDPA's one-year period of limitation runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In his reply to Respondent's Motion to Dismiss, Scott claims that, before pleading guilty, trial counsel had told him that he had interviewed a potential witness by the name of Chaka Fagon and that Fagon had nothing exculpatory to contribute. Scott further asserts that he relied on counsel's representations, including in his decision to plead guilty to manslaughter, until Scott's sister had a chance encounter with Fagon in October 2003, whereupon Fagon informed Scott's sister that he had information to support Scott's innocence but had never been contacted by Scott's trial counsel. Scott filed his state habeas petition, alleging ineffective assistance of counsel, the following month.

The Court concludes that the date upon which Scott <u>actually</u> discovered his trial counsel's alleged misrepresentation regarding his investigation of Scott's self-defense claim was also the date on which it <u>could</u> have been discovered through the exercise of due diligence. Unlike his attorney's alleged statement that Scott had no appellate or habeas claims, which (if made) was made upon his attorney's understanding of the law and warranted some looking into, Scott had no duty to investigate his attorney's factual statement regarding his own actions. That said, his attorney's misrepresentation is the factual predicate of only part of Scott's claim of ineffective assistance of counsel. Late discovery of the alleged misrepresentation neither explains nor justifies Scott's tardiness in filing a habeas corpus petition claiming ineffective assistance of counsel based on the rest of his attorney's alleged errors. The Court therefore holds that only that portion of Scott's habeas petition – the portion claiming ineffective assistance of counsel based upon counsel's alleged misrepresentations regarding his investigation into a potential self-

defense claim – qualifies for tolling under 28 U.S.C. § 2244(d)(1)(D). Accepting that Scott learned of his attorney's misrepresentation in October 2003, Scott's federal habeas petition was filed, at most, four years and 14 days after the date he learned of the alleged misrepresentation. Tolling the three years and 162 days that Scott's state habeas petition was pending, as I must under 28 U.S.C. § 2244(d)(2), Scott's petition is timely as to his claim of ineffective assistance arising out of his attorney's misrepresentations regarding his investigation of Scott's potential self-defense claim.

**Conclusion**

Respondent's motion to dismiss is hereby granted in part and denied in part. Furthermore, respondent is hereby ordered to file an answer to Scott's petition by February 10, 2009, showing cause why the relief prayed for in Scott's petition should not be granted and **addressing the merits of petitioner's remaining claim** of ineffective assistance of counsel arising from counsel's alleged misrepresentations regarding his investigation of Scott's potential self-defense claim. Although Scott frames the claims in his federal habeas petition as might a litigant before an appellate court and does not make his ineffective assistance claim as explicitly as he did before the state habeas court, courts are to consider a *pro se* plaintiff's complaints with lenity. *See Haines v. Kerner*, 404 U.S. 519, 520 (U.S. 1972). This Court therefore reads Scott's federal habeas petition in light of his state habeas petition and the hearing thereon, and construes Scott as making an ineffective assistance of counsel claim. As well, the Court considers the arguments in Scott's federal habeas petition that go toward the standard by which a court must review the factual findings and conclusions of a state habeas court. So, too, should respondent's answer address Scott's claim of ineffective assistance of counsel based upon trial counsel's

alleged misrepresentations regarding his investigation of a potential claim of self-defense, as clarified by Scott's state habeas petition and the proceeding thereon, and also address the standard by which this Court should review the factual findings and conclusions of the state habeas court.

    It is SO ORDERED.

Dated: New Haven, Connecticut
       December 10, 2008

                                              /s/ Charles S. Haight, Jr.
                                   SENIOR UNITED STATES DISTRICT JUDGE